IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ROSA ANGELA GONZALEZ-SANTOS, *et al.*, | |
| **Plaintiff,** | |
| **v.** | **CIVIL NO.** 09-1850 (FAB) |
| ANGEL TORRES-MALDONADO, *et al.*, | |
| **Defendants.** | |

MEMORANDUM AND ORDER[1]

BESOSA, District Judge.

Before the Court is plaintiff Gonzalez's motion to dismiss her claim against defendant Torres without prejudice pursuant to Fed.R.Civ.P. 41(a)(2).  (Docket No. 291.)  Torres has filed a motion in opposition.  (Docket No. 293.)  Two other defendants, Instituto Medico del Norte, Inc., d/b/a Hospital Wilma N. Vazquez ("Hospital") and Liberty Mutual Insurance Company ("Liberty"), who recently settled with Gonzalez, have also filed a motion in opposition.  (Docket No. 294.)

I.  **Procedural History**

Gonzalez's initial complaint was filed on August 26, 2009, and during the almost three years of litigation, there have been two Court orders and a settlement that disposed of the majority of

_____

[1] Justin Rowinsky, a second-year student at the Georgetown University Law Center, assisted in the preparation of this Memorandum & Order.

Gonzalez's original claims.  The Court's order on September 28, 2011 (Docket No. 244) granted numerous defendants' motions to dismiss, and the Court's second order on March 14, 2012 (Docket No. 271) granted summary judgment for additional defendants.  The Hospital and Liberty then settled with Gonzalez, leaving only Torres as the remaining defendant.  (Docket No. 286.)  The Court's order on March 31, 2012 (Docket No. 277) set the trial date for June 11, 2012 and ordered the parties to file a joint proposed pretrial order, proposed *voir dire* questions, and proposed jury instructions by May 29, 2012.  That deadline has passed.

Gonzalez requests dismissal of her Puerto Rico law claims against Torres without prejudice for the following reasons:  the "fruitless" continued negotiations between Gonzalez and Torres, the cost of a trial, and Gonzalez's current emotional and physical health.  (Id. at ¶¶ 2-4.)  Gonzalez specifically requests a dismissal without prejudice to permit future litigation over her claim against Torres in Commonwealth court.  (Id. at ¶ 5.)

In response, Torres asks for dismissal with prejudice in light of the past three years of litigation and the emotional and financial distress he has incurred.  (Docket No. 293 at ¶ 3.)  The Hospital and Liberty also filed a motion in opposition, seeking a dismissal with prejudice due to the potential of exposure to "indirect claims and the commission of further expenses and costs"

if Gonzalez re-filed her remaining claims against Torres in Commonwealth court.  (Docket No. 294.)

The Court will now address the merits of Gonzalez's motion to dismiss.

## II.  Legal Analysis

Rule 41(a)(2) requires a "court order, on terms that the court considers proper" to grant a plaintiff's motion to dismiss when filed after the defendant has answered the complaint.  In exercising its discretion, a court is responsible for ensuring that the defendant will not suffer legal prejudice if the motion is granted.  Doe v. Urohealth Systems, Inc., 216 F.3d 157, 160 (1st Cir. 2000).

Factors used to evaluate whether a defendant will face legal prejudice include:  (1) "the defendant's effort and expense of preparation for trial," (2) "insufficient explanation for the need to take a dismissal," (3) excessive delay by the plaintiff, and (4) pending dispositive motions filed by the defendant.  Doe, 216 F.3d at 160 (citing Pace v. Southern Express Co., 409 F.2d 331, 334 (7th Cir. 1969)).  This list is not exclusive, but "simply a guide" when a court exercises its discretion under Rule 41(a)(2).  Doe, 216 F.3d at 160 (quoting Tyco Labs., Inc. v. Koppers Co., 627 F.2d 54, 56 (7th Cir. 1980)).

Civil No. 09-1850 (FAB)                                                    4

There is no evidence that Gonzalez has unduly delayed the prosecution of this case, nor are any dispositive motions by Torres currently pending.  On the other hand, the first two enumerated factors weigh in Torres' favor.  See Doe, 216 F.3d at 161 (quoting the district court's opinion).

First, Torres has incurred "a vast amount of legal expenses" (Docket No. 293 at ¶ 3) preparing for the trial scheduled to begin on June 11, 2012, almost three years since Gonzalez first filed her complaint.  See Doe, 216 F.3d at 161 (finding that the defendant's investment of "considerable resources, financial and otherwise, in defending [plaintiff's] federal action" was a factor supporting denial of the plaintiff's motion); Guptil v. Martin, 228 F.R.D. 62, 65 (D.Me. 2005) ("Defendants had to engage in substantial legal research as well as limited discovery.").  In contrast, courts have granted a plaintiff's 41(a)(2) motion when the duration of litigation was relatively shorter and the costs of discovery were directly applicable to on-going litigation in Commonwealth court. See Puerto Rico Maritime Shipping Authority v. Leith, 668 F.2d 46, 50 (1st Cir. 1981).  Due to the complexity of this case (numerous plaintiffs, defendants and claims) it is unclear what percentage of Torres's efforts thus far would be applicable to future litigation in Commonwealth court, if any.

Second, Gonzalez's explanation in support of her motion is insufficient.  A plaintiff citing costs on the eve of trial after three years of litigation is unpersuasive, for cost is a necessary consideration when deciding whether to file in the first place. Although the Court notes Gonzalez's current health issues, Torres has also claimed "a great deal of emotional distress" resulting from the lengthy litigation.  (Docket No. 293 at ¶ 3).  Finally, difficult settlement negotiations are the rule rather than the exception and not a relevant factor supporting a dismissal without prejudice.   Gonzalez must offer something more to justify dismissing this case without prejudice only two weeks before trial while preserving her right to litigate anew in Commonwealth court.

Moreover, the Court notes that the May 29, 2012 deadline for filing the joint proposed pre-trial order and respective proposed *voir dire* questions and proposed preliminary and final jury instructions has passed.  (Docket No. 277.)  Rather than petition the Court for an extension, counsel for Gonzalez requested dismissal of the current case without prejudice and simply stated that no filing would take place.

Gonzalez does not have the substantive right to a dismissal without prejudice, only the procedural option of petitioning the Court.  Fed.R.Civ.P. 41(a)(2).  In exercising its discretion, the Court finds that Gonzalez's stated explanation requiring dismissal

Civil No. 09-1850 (FAB)                                                                6

without prejudice is insufficient to overcome the expense and effort of litigating this case for almost three years. Accordingly, the Court hereby **GRANTS** Gonzalez's motion to dismiss, but dismisses her claims against Torres **WITH PREJUDICE.**

    **IT IS SO ORDERED.**

    San Juan, Puerto Rico, May 31, 2012.


                                    s/ Francisco A. Besosa
                                    FRANCISCO A. BESOSA
                                    UNITED STATES DISTRICT JUDGE